The Honorable Tom G. Baker Representative, District 19 Route 1, Box 80 Alicia, Arkansas 72410
RE: ALL-TERRAIN VEHICLES
Dear Representative Baker:
This official opinion is in response to your letter in which you asked whether a person can operate an all-terrain vehicle upon a public street or highway within or without the boundaries of an incorporated area for the purpose of traveling from a residence to an off-road trail.
Act 804 of 1987 provides in 3 that it shall be unlawful for any person to operate an all-terrain vehicle upon the public streets and highways of this State . . . Section 2 of 804 of 198 defines a public street and highway to mean the part of the street, road, or highway, including the improved road shoulder which is open to vehicular traffic and which is maintained by the State or by a political subdivision of the State of Arkansas and includes any federal highways. However, 3 of 804 of 1987 (a) and (b) provide certain exceptions to the application of this act. One such exception is for farming and hunting operations. The second exception is for crossing public streets or highways if the all-terrain vehicle needs to make a direct crossing. Section 3 does not contain the exception for the operation of all-terrain vehicles within or outside the boundaries of an incorporated area for the purpose of traveling from a residence to an off-road trail unless the travel is for farming or hunting operations or a direct crossing of a street or highway. Therefore, the answer to your question is no, unless the all-terrain vehicle falls under the two exceptions outlines above.
Although 4(6) of Act 804 provides as follows:
 It shall be a complete defense to prosecution under this Act for a violation of operating an all-terrain vehicle upon the public streets or highways if the all-terrain vehicle operator can show by a preponderance of the evidence that:
 (i) the public street or highway was outside the city limits of any municipality or incorporated town in Arkansas:
* * *
 (iv) his or her purpose for riding on the public street or highway was to get from one off-trail to another off-road trail or his or her purpose for riding on the public street or highway was to get from his or her private property to an off-road trail; . . .
As a result, if a person can show by the preponderance of evidence that the public street or highway was outside the city limits of a municipality or incorporated town in Arkansas then prosecution would be barred. In addition, if a person can show by the preponderance of the evidence that he was traveling from his residence to an off-road trail on a public street or highway, then prosecution would also be barred.
Whether a person can show these defenses by a preponderance of the evidence is a question of fact. The Arkansas Supreme Court has defined the preponderance of evidence to mean evidence of greater convincing force or an over-balancing in weight. Titan Oil and Gas Corp. v. Shipley, 257 Ark. 278, 517 S.W.2d 210 (1974), rehearing denied January 20, 1975. The court held that where evidence tends equally to sustain two inconsistent propositions the party having the burden of proof cannot prevail.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Rick D. Hogan.